**Electronically Filed
Intermediate Court of Appeals
29967
30-SEP-2010
08:30 AM**

NO. 29967


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
AIDA GORDON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTC-08-044528)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Aida L.R. Gordon (Gordon) appeals from the June 30, 2009 judgment entered in the District Court of the First Circuit, Honolulu Division (district court).[1]

Gordon was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) (2007).

On appeal, Gordon contends that (1) the district court abused its discretion or committed plain error in admitting the laser gun reading without adequate foundation of officer training consistent with the manufacturer's requirements, (2) insufficient evidence existed to sustain the conviction where *mens rea* and valid evidence of speed were absent.

The State argues that the error as to the officer's "training or qualification to use or test the laser gun" was not

---

[1]  The Honorable Blake T. Okimoto presided.

preserved, because Gordon did not raise the issue at trial; that plain error review should be declined; and that substantial evidence, including *mens rea*, was established for the conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gordon's points of error as follows.[2]

(1)   Gordon waived his challenge to Officer Russell Maeshiro's (Officer Maeshiro) testimony regarding the laser gun reading where Gordon failed to object to a lack of foundation at trial and no basis for plain error review exists.  State v. Wallace, 80 Hawai'i 382, 409-10, 910 P.2d 695, 722-23 (1996); State v. Naeole, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980).

(2)   There was sufficient evidence presented that Gordon committed the offense of excessive speeding with the requisite state of mind.

Officer Maeshiro testified that the readout on his LTI 20/20 laser gun indicated that Gordon was traveling at seventy-one miles per hour (mph).  Evidence of the laser gun speed reading, "even though incompetent, if admitted without objection or motion to strike, is to be given the same probative force as that to which it would be entitled if it were competent." Wallace, 80 Hawai'i at 410, 910 P.2d at 723 (quoting 2 Wharton's Criminal Evidence § 265 n.3 (14th ed. 1986) (internal quotation marks omitted)).  Additionally, Officer Maeshiro observed Gordon's vehicle passing two thirty-five mph speed signs.  Gordon did not know her speed because she "was more concerned with [her] blind corners and trying to get into the right lane."  The district court found "that the demeanor and testimony of Officer Russell Maeshiro [was] credible" and that Gordon "wasn't sure" of her speed, but that "Officer Maeshiro was sure" that the speed

_____

[2]   Both Gordon and the State cited to the Transcript of April 21, 2009 in their briefs although said transcript was not part of the record on appeal at the time of briefing.  Counsel are cautioned to ensure that transcripts are included in the record on appeal prior to citing to such transcripts in their briefs.

reading was seventy-one mph. From these circumstances, the district court could reasonably infer that Gordon recklessly (consciously disregarded a substantial and unjustifiable risk that she)[3] traveled at seventy-one mph. State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) ("[g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient") (quoting State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996) (internal quotation marks omitted)). Consequently, in the light most favorable to the State, with the fact finder determining credibility, State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005), sufficient evidence that Gordon committed the offense of excessive speeding with the requisite reckless state of mind was presented.

IT IS HEREBY ORDERED THAT the June 30, 2009 judgment entered by the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2010.

On the briefs:

Stuart N. Fujioka,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] See HRS § 702-204 (1993) stating, in pertinent part: "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." See also HRS § 702-206(3)(a) (1993): "A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature."